SONIA MARTIN (State Bar No. 191148)
MENGMENG ZHANG (State Bar No. 280411)
DENTONS US LLP
525 Market Street, 26th Floor
San Francisco, CA 94105-2708
Telephone:  (415) 882-5000
Facsimile:  (415) 882-0300
E-mail:      sonia.martin@dentons.com
             mengmeng.zhang@dentons.com

Attorneys for Defendant
NATIONWIDE MUTUAL INSURANCE
COMPANY, sued as "NATIONWIDE
INSURANCE"

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO/OAKLAND DIVISION

| | |
|---|---|
| SHARIF MOHAMMED and AMIR MOHAMMED,<br><br>           Plaintiffs,<br><br>    vs.<br><br>NATIONWIDE INSURANCE and DOES 1 through 50, inclusive,<br><br>           Defendants. | Case No.:<br><br>**NOTICE OF REMOVAL OF CIVIL ACTION** |

TO THE CLERK OF THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF CALIFORNIA AND TO PLAINTIFFS AND THEIR ATTORNEY(S) OF RECORD:

PLEASE TAKE NOTICE that, pursuant to 28 U.S.C. section 1441(a), defendant Nationwide Mutual Insurance Company, sued herein as "Nationwide Insurance," hereby removes to this Court the action described herein and respectfully submits the following statement of grounds for removal:

THE SUPERIOR COURT ACTION

1.  On September 29, 2014, plaintiffs Sharif Mohammed and Amir Mohammed commenced an action in the Superior Court of the State of California for the County of Alameda

1   entitled "*Sharif Mohammed, Amir Mohammed v. Nationwide Insurance*," Case No.

2   HG14742388 (the "Superior Court Action").

3       2.    In the Superior Court Action, plaintiffs seek damages with respect to Nationwide's handling of their insurance claim arising from a March 16, 2013 incident that allegedly damaged their business property located at 1854 Church Street in Oakland, California. (Compl. ¶¶ 17-21.) Plaintiffs allege Nationwide "unreasonably, improperly and unethically failed [to] investigate and pay PLAINTIFFS' claim" and was "unfairly and intentionally withholding payment for the undisputed property damage in order to coerce PLAINTIFFS into accepting a lowball settlement of all of PLAINTIFFS' claims." (*Id.* at ¶¶ 6, 24.) In their Complaint, plaintiffs assert causes of action for (1) Breach of the Duty of Good Faith and Fair Dealing, (2) Breach of Contractual Duty to Pay A Covered Claim, and (3) Unfair Business Practices. (*Id.* at pp. 5-10.)

SERVICE

    3.    Plaintiffs served the Summons and Complaint in the Superior Court Action on Nationwide's agent for service of process, CT Corporation, on October 10, 2014.

    4.    Attached as Exhibit "A" are true and correct copies of the summons, complaint, answer, and amended answer, which Nationwide believes constitute all pleadings and documents relating to the Superior Court Action.

DIVERSITY OF CITIZENSHIP

    5.    Plaintiff Sharif Mohammed was, at the time of filing of the Superior Court Action, now is, and at all relevant times has been, a citizen and resident of the State of California. (Compl., ¶ 9.)

    5.    Plaintiff Amir Mohammed was, at the time of filing of the Superior Court Action, now is, and at all relevant times has been, a citizen and resident of the State of California. (Compl., ¶ 9.)

    6.    Nationwide was, at the time of filing of the Superior Court Action, now is, and at all relevant times has been, a corporation organized and existing under the laws of the State of Ohio, with its principal place of business in the city of Columbus, Ohio.

    7.    Plaintiffs and Nationwide, accordingly, are citizens and residents of different states.

Case No.:     NOTICE OF REMOVAL OF CIVIL ACTION

DENTONS US LLP
525 MARKET STREET, 26TH FLOOR
SAN FRANCISCO, CA 94105
(415) 882-5000

8. "Doe" defendants must be disregarded in determining diversity of citizenship. 28 U.S.C. § 1441(b)(1) ("In determining whether a civil action is removable on the basis of the jurisdiction under section 1332(a) of this title, the citizenship of defendants sued under fictitious names shall be disregarded.").

## AMOUNT IN CONTROVERSY

9. In the Superior Court Action, plaintiffs seek "restitution of all consideration paid to defendants," economic damages, loss of income and prospective loss of income damages, statutory damages, disgorgement of insurance premiums, and Civil Penalties under Business and Professions Code Section 17200 et seq. (Compl., Prayer for Relief, ¶¶ 1-6.)  In particular, plaintiffs allege that they demanded "a policy limits settlement of $92,700" in connection with their claim for damaged business personal property.  (Compl. ¶ 28.)  Plaintiffs also allege that Nationwide "unreasonably refused to tender the cost of repair," which plaintiffs estimated to be $51,350.  (Compl. ¶ 21.)  They also claim that Nationwide's alleged failure and/or delay in paying their claim resulted in repeated burglaries of their business premises and the alleged loss of their liquor license due to nonuse, allegedly "causing significant ongoing and permanent harm."  (*Id.*, ¶¶ 8, 28.)

10. Plaintiffs also seek alleged past and future lost business income.  (Compl., Prayer for Relief, ¶ 3.)  In a March 13, 2014 letter from their counsel, plaintiffs claimed that Nationwide owed alleged lost business income at an average rate of $7,293.33 per month since September 2013.  (Exhibit "B".)  Accordingly, Nationwide is informed and believes that plaintiffs seek damages for alleged loss of business income in an amount of at least $87,520 ($7,293.33 per month since September 2013).

11. In addition, plaintiffs seek disgorgement of all premiums they have paid to Nationwide.  (Compl., ¶ 51.)  Nationwide is informed and believes that plaintiffs have paid in excess of $12,400 in premiums since 2011.

12. Further, plaintiffs seek "civil penalties," punitive and exemplary damages, interest, attorneys' fees, and costs of suit.  (Compl., Prayer for Relief, ¶¶ 7-10.)  *Surber v. Reliance Nat. Indem. Co.,* 110 F. Supp. 2d 1227, 1232 (N.D. Cal. 2000) (in calculating the amount in

controversy, the Court must consider the attorneys' fees and punitive damages plaintiffs may recover if they should prevail in the case). "California published opinions . . . have adopted a broad range of permissible ratios" for compensatory damages to punitive damages, "from as low as one to one to as high as 16 to one — depending on the specific facts of each case." *Bankhead v. ArvinMeritor, Inc.,* 205 Cal. App. 4th 68, 88 (2012); *see also State Farm Mut. Auto. Ins. Co. v. Campbell,* 538 U.S. 408, 425 (2003) (a "lesser ratio" is one in which punitive damages are "only equal to compensatory damages[.]").

13. Accordingly, the amount in controversy in the Superior Court Action, exclusive of interest and costs, exceeds the $75,000 jurisdictional minimum for federal diversity jurisdiction.

## ORIGINAL JURISDICTION

14. The Superior Court Action is a civil action of which this Court has original jurisdiction under 28 U.S.C. section 1332, in that plaintiffs and defendant are citizens of different states and the amount in controversy exceeds $75,000, exclusive of interest and costs.

15. The case is therefore one that Nationwide may remove to this Court pursuant to 28 U.S.C. sections 1441 and 1446. The removal is effected less than thirty (30) days after service of the Complaint in the Superior Court Action, in accordance with 28 U.S.C. section 1446(b).

WHEREFORE, Nationwide hereby gives notice that this action has been removed, in its entirety, from the Superior Court of the State of California for the County of Alameda to the United States District Court for the Northern District of California, for further proceedings as though it originally had been instituted in the District Court.

Dated: November 7, 2014                     DENTONS US LLP


By _____*/s/ SONIA MARTIN*_____
         SONIA MARTIN

Attorneys for Defendant NATIONWIDE MUTUAL INSURANCE COMPANY, sued as "NATIONWIDE INSURANCE"

83287832