# EXHIBIT A

*Served @ 10:49 A.m.*
*10/9/14*

**SUM-1**

# SUMMONS
## (CITACION JUDICIAL)

FOR COURT USE ONLY
(SOLO PARA USO DE LA CORTE)

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*

NATIONWIDE INSURANCE And DOES 1 though 50, inclusive

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

Sharif Mohammed, Amir Mohammed

ENDORSED
FILED
ALAMEDA COUNTY

SEP 29 2014

CLERK OF THE SUPERIOR COURT
By: ANGEL LOGAN
DEPUTY

NOTICE! You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

| The name and address of the court is: *(El nombre y dirección de la corte es):* Superior Court of California | CASE NUMBER: *(Número del Caso):* HG 14742388 |
| --- | --- |

Hayward Hall of Justice
24405 Amador Street, Hayward, CA 94544

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Matthew J. Webb, Esq., 1382 A Street, Hayward, CA 94541, (510) 444-4224

LEAH T. WILSON
EXECUTIVE OFFICER/CLERK

DATE: SEP 29 2014
*(Fecha)*
Clerk, by *(Secretario)* Angel Logan , Deputy *(Adjunto)*

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served
1. [ ] as an individual defendant.
2. [ ] as the person sued under the fictitious name of *(specify):*
3. [✓] on behalf of *(specify):* NATIONWIDE INSURANCE

under: [ ] CCP 416.10 (corporation)    [ ] CCP 416.60 (minor)
[ ] CCP 416.20 (defunct corporation)    [ ] CCP 416.70 (conservatee)
[ ] CCP 416.40 (association or partnership)    [ ] CCP 416.90 (authorized person)
[✓] other *(specify):* business form unknown

4. [ ] by personal delivery on *(date):*

[SEAL]

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]
SUMMONS
Code of Civil Procedure §§ 412.20, 465
www.courtinfo.ca.gov

CM-0

| | |
|---|---|
| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):*<br>Matthew J. Webb, State Bar #148228<br>LAW OFFICES OF MATTHEW J. WEBB<br>1382 A Street<br>Hayward, CA 94541<br>TELEPHONE NO.: (510) 444-4224    FAX NO.:<br>ATTORNEY FOR *(Name):* Plaintiff | FOR COURT USE ONLY<br><br>ENDORSED<br>FILED<br>ALAMEDA COUNTY<br><br>SEP 29 2014<br><br>CLERK OF THE SUPERIOR COURT<br>By: ANGEL LOGAN<br>                      DEPUTY |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF Alameda
STREET ADDRESS: 24405 Amador Street
MAILING ADDRESS: 24405 Amador Street
CITY AND ZIP CODE: Hayward, CA 94544
BRANCH NAME: Hayward Hall of Justice

CASE NAME:
Sharif Mohammed, Amir Mohammed v. Nationwide Insurance

| CIVIL CASE COVER SHEET | | Complex Case Designation | | CASE NUMBER: |
|---|---|---|---|---|
| [✓] Unlimited<br>(Amount<br>demanded<br>exceeds $25,000) | [ ] Limited<br>(Amount<br>demanded is<br>$25,000 or less) | [ ] Counter    [ ] Joinder<br><br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 3.402) | | HG 14742388<br>JUDGE:<br>DEPT: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check one box below for the case type that best describes this case:

**Auto Tort**
[ ] Auto (22)
[ ] Uninsured motorist (46)
**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
[ ] Asbestos (04)
[ ] Product liability (24)
[ ] Medical malpractice (45)
[ ] Other PI/PD/WD (23)
**Non-PI/PD/WD (Other) Tort**
[ ] Business tort/unfair business practice (07)
[ ] Civil rights (08)
[ ] Defamation (13)
[ ] Fraud (16)
[ ] Intellectual property (19)
[ ] Professional negligence (25)
[ ] Other non-PI/PD/WD tort (35)
**Employment**
[ ] Wrongful termination (36)
[ ] Other employment (15)

**Contract**
[✓] Breach of contract/warranty (06)
[ ] Rule 3.740 collections (09)
[ ] Other collections (09)
[ ] Insurance coverage (18)
[ ] Other contract (37)
**Real Property**
[ ] Eminent domain/Inverse condemnation (14)
[ ] Wrongful eviction (33)
[ ] Other real property (26)
**Unlawful Detainer**
[ ] Commercial (31)
[ ] Residential (32)
[ ] Drugs (38)
**Judicial Review**
[ ] Asset forfeiture (05)
[ ] Petition re: arbitration award (11)
[ ] Writ of mandate (02)
[ ] Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
[ ] Antitrust/Trade regulation (03)
[ ] Construction defect (10)
[ ] Mass tort (40)
[ ] Securities litigation (28)
[ ] Environmental/Toxic tort (30)
[ ] Insurance coverage claims arising from the above listed provisionally complex case types (41)
**Enforcement of Judgment**
[ ] Enforcement of judgment (20)
**Miscellaneous Civil Complaint**
[ ] RICO (27)
[ ] Other complaint *(not specified above)* (42)
**Miscellaneous Civil Petition**
[ ] Partnership and corporate governance (21)
[ ] Other petition *(not specified above)* (43)

2. This case [ ] is [✓] is not complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. [ ] Large number of separately represented parties
   b. [ ] Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. [ ] Substantial amount of documentary evidence
   d. [ ] Large number of witnesses
   e. [ ] Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. [ ] Substantial postjudgment judicial supervision

3. Remedies sought *(check all that apply):* a. [✓] monetary   b. [ ] nonmonetary; declaratory or injunctive relief   c. [ ] punitive
4. Number of causes of action *(specify):* 5
5. This case [ ] is [✓] is not a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

Date:
Matthew J. Webb, Esq.
(TYPE OR PRINT NAME)                ►           (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

| | | |
|---|---|---|
| Form Adopted for Mandatory Use<br>Judicial Council of California<br>CM-010 [Rev. July 1, 2007] | **CIVIL CASE COVER SHEET** | Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;<br>Cal. Standards of Judicial Administration, std. 3.10<br>*www.courtinfo.ca.gov* |

CM-0

## INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you mu: complete and file, along with your first paper, the *Civil Case Cover Sheet* contained on page 1. This information will be used to comp statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must che one box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in Item check the more specific one. If the case has multiple causes of action, check the box that best indicates the primary cause of actio To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cov sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a part its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of mone owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) to damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the gener: time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collectior case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the *Civil Case Cover Sheet* to designate whether th case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated k completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with th complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in th plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation tha the case is complex.

### CASE TYPES AND EXAMPLES

**Auto Tort**
Auto (22)–Personal Injury/Property
Damage/Wrongful Death
Uninsured Motorist (46) *(if the
case involves an uninsured
motorist claim subject to
arbitration, check this item
instead of Auto)*
**Other PI/PD/WD (Personal Injury/
Property Damage/Wrongful Death)
Tort**
Asbestos (04)
Asbestos Property Damage
Asbestos Personal Injury/
Wrongful Death
Product Liability *(not asbestos or
toxic/environmental)* (24)
Medical Malpractice (45)
Medical Malpractice–
Physicians & Surgeons
Other Professional Health Care
Malpractice
Other PI/PD/WD (23)
Premises Liability (e.g., slip
and fall)
Intentional Bodily Injury/PD/WD
(e.g., assault, vandalism)
Intentional Infliction of
Emotional Distress
Negligent Infliction of
Emotional Distress
Other PI/PD/WD
**Non-PI/PD/WD (Other) Tort**
Business Tort/Unfair Business
Practice (07)
Civil Rights (e.g., discrimination,
false arrest) *(not civil
harassment)* (08)
Defamation (e.g., slander, libel)
(13)
Fraud (16)
Intellectual Property (19)
Professional Negligence (25)
Legal Malpractice
Other Professional Malpractice
*(not medical or legal)*
Other Non-PI/PD/WD Tort (35)
**Employment**
Wrongful Termination (36)
Other Employment (15)

**Contract**
Breach of Contract/Warranty (06)
Breach of Rental/Lease
Contract *(not unlawful detainer
or wrongful eviction)*
Contract/Warranty Breach–Seller
Plaintiff *(not fraud or negligence)*
Negligent Breach of Contract/
Warranty
Other Breach of Contract/Warranty
Collections (e.g., money owed, open
book accounts) (09)
Collection Case–Seller Plaintiff
Other Promissory Note/Collections
Case
Insurance Coverage *(not provisionally
complex)* (18)
Auto Subrogation
Other Coverage
Other Contract (37)
Contractual Fraud
Other Contract Dispute
**Real Property**
Eminent Domain/Inverse
Condemnation (14)
Wrongful Eviction (33)
Other Real Property (e.g., quiet title) (26)
Writ of Possession of Real Property
Mortgage Foreclosure
Quiet Title
Other Real Property *(not eminent
domain, landlord/tenant, or
foreclosure)*
**Unlawful Detainer**
Commercial (31)
Residential (32)
Drugs (38) *(if the case involves illegal
drugs, check this item; otherwise,
report as Commercial or Residential)*
**Judicial Review**
Asset Forfeiture (05)
Petition Re: Arbitration Award (11)
Writ of Mandate (02)
Writ–Administrative Mandamus
Writ–Mandamus on Limited Court
Case Matter
Writ–Other Limited Court Case
Review
Other Judicial Review (39)
Review of Health Officer Order
Notice of Appeal–Labor
Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal.
Rules of Court Rules 3.400–3.403)**
Antitrust/Trade Regulation (03)
Construction Defect (10)
Claims Involving Mass Tort (40)
Securities Litigation (28)
Environmental/Toxic Tort (30)
Insurance Coverage Claims
*(arising from provisionally complex
case type listed above)* (41)
**Enforcement of Judgment**
Enforcement of Judgment (20)
Abstract of Judgment (Out of
County)
Confession of Judgment *(non-
domestic relations)*
Sister State Judgment
Administrative Agency Award
*(not unpaid taxes)*
Petition/Certification of Entry of
Judgment on Unpaid Taxes
Other Enforcement of Judgment
Case
**Miscellaneous Civil Complaint**
RICO (27)
Other Complaint *(not specified
above)* (42)
Declaratory Relief Only
Injunctive Relief Only *(non-
harassment)*
Mechanics Lien
Other Commercial Complaint
Case *(non-tort/non-complex)*
Other Civil Complaint
*(non-tort/non-complex)*
**Miscellaneous Civil Petition**
Partnership and Corporate
Governance (21)
Other Petition *(not specified
above)* (43)
Civil Harassment
Workplace Violence
Elder/Dependent Adult
Abuse
Election Contest
Petition for Name Change
Petition for Relief From Late
Claim
Other Civil Petition

**CIVIL CASE COVER SHEET**

Matthew J. Webb, State Bar #148228
LAW OFFICES OF MATTHEW J. WEBB
1382 A Street
Hayward, Califonia 94541
Telephone:  (510) 444-4224

Dan Grout, Esq., State Bar # 168282
3704 Balfour Avenue
Oakland, California  94610
Telephone:  (510) 387-7241

Attorney for Plaintiffs
Amir Mohamed, Sharif Mohamed

ENDORSED
FILED
ALAMEDA COUNTY

SEP 29 2014

CLERK OF THE SUPERIOR COURT
By: _____ANGEL LOGAN_____
                                    DEPUTY

SUPERIOR COURT OF THE STATE OF CALIFORNIA

COUNTY OF ALAMEDA

| | |
|---|---|
| SHARIF MOHAMMED, AMIR MOHAMMED,<br><br>                 Plaintiffs,<br><br>          v.<br><br>NATIONWIDE INSURANCE<br>And DOES 1 through 50, Inclusive,<br>                 Defendants. | Case No.:  **HG14742388**<br><br>**VERIFIED COMPLAINT FOR DAMAGES**<br><br>1.  **BREACH OF CONTRACT**<br>2.  **BREACH OF COVENANT OF GOOD FAITH AND FAIR DEALING**<br>3.  **UNFAIR BUSINESS PRACTICES**<br>4.  **PUNITIVE DAMAGES**<br>5.  **DEMAND FOR JURY TRIAL** |

COME NOW PLAINTIFFS SHARAF MOHAMED and AMIR MOHAMED ("PLAINTIFFS"), and complain of the DEFENDANTS, and each of them, as follows:

**Introduction**

1.      This case arises from an inequitable and unreasonable failure to investigate and pay claims pursuant to insurance policies purchased by PLAINTIFFS through DEFENDANT NATIONWIDE INSURANCE.

1

2.      At all relevant times, PLAINTIFFS owned and operated a convenience store located at 1854 Church Street, Oakland, Alameda County, California ("the premises".)

3.      At all relevant times, PLAINTIFF SHARAF MOHAMED held a liquor license permitting nonconforming alcohol sales for the premises, which he had held for in excess of 20 years.

4.      On or about March 16, 2013 a car crashed through the exterior wall of the premises, causing extensive damage to the structure, interior and inventory.

5.      PLAINTIFFS submitted a claim to their insurance company, DEFENDANT NATIONWIDE INSURANCE, the next business day.

6.      As alleged in further detail below, NATIONWIDE INSURANCE unreasonably, improperly and unethically failed investigate and pay PLAINTIFFS' claim. In fact, NATIONWIDE INSURANCE failed to tender any payment to PLAINTIFFS even to cover the cost of repairing and securing the premises over a period of approximately 9 months, and even then issued a check insufficient to cover the cost of necessary and reasonable repairs.

7.      As alleged in further detail below, as a result of the conduct of NATIONWIDE INSURANCE, PLAINTIFFS could not open the premises for business, thereby causing significant financial harm, loss of business income and profits, and loss of business reputation, customer loyalty and goodwill.

8.      As alleged in further detail below, as a result of PLAINTIFFS being unable to open the premises for business, PLAINTIFFS' liquor license lapsed from disuse pursuant to law and cannot be resurrected, thereby causing significant ongoing and permanent financial harm.

**Parties**

9.      PLAINTIFFS SHARAF MOHAMED and AMIR MOHAMED at all relevant times were and are residents of Alameda County.

10.      PLAINTIFFS are informed and believe and thereon allege that at all relevant times herein mentioned defendant NATIONWIDE INSURANCE was, and now is, a corporation

2

licensed to do business and actually doing business as an insurer and issuing insurance policies in the state of California, including in Alameda County.

11.    PLAINTIFFS are informed and believe and thereon allege that defendants DOES 1 through 25, inclusive, are fictitious names of defendants whose true names and capacities are at this time unknown to PLAINTIFFS.  PLAINTIFFS are informed and believe and thereon allege that each defendant so designated was the officer, director, shareholder, employer, employee, representative, and/or otherwise the agent of the named defendants, and that each defendant so designated is responsible in whole or in part for the damages suffered by the PLAINTIFFS.

12.    PLAINTIFFS are informed and believe and thereon allege that at all relevant times herein mentioned, the defendants, and each of them, were acting within their capacity as the agent, servant, partner, alter ego, joint venturer or employee of each other defendant, and that each was acting within the scope of said capacities, and with the authority, knowledge and consent, either express or implied, of each of the other defendants.

13.    The acts and occurrences that give rise to this action occurred in Alameda County, California.

**Common Allegations**

14.    At relevant times herein mentioned, PLAINTIFFS were covered by and relied upon a property and casualty insurance policy with DEFENDANTS.   A true copy thereof is attached hereto as EXHIBIT A and incorporated herein throughout as though fully set forth.

15.    At relevant times herein mentioned, PLAINTIFFS were covered by and relied upon a business personal property insurance policy with DEFENDANTS.   A true copy thereof is attached hereto as EXHIBIT B and incorporated herein throughout as though fully set forth.

16.    At relevant times herein mentioned, PLAINTIFFS were covered by and relied upon a business income insurance policy with DEFENDANTS.   A true copy thereof is attached hereto as EXHIBIT C and incorporated herein throughout as though fully set forth.

17. On or about March 16, 2013 a car crashed through PLAINTIFFS' building and store located at 1854 Church Street, Oakland. A police report of the incident was made, and PLAINTIFFS are informed and believe that the responsible driver is an underage juvenile.

18. The subject accident cause significant damage to the premises. Representative photographs of the damage are attached as EXHIBIT D, without limitation.

19. The next business day, PLAINTIFFS submitted a claim to their insurance company, DEFENDANT NATIONWIDE INSURANCE, which was designated by NATIONWIDE as Claim No. 7204573202PE2013031651.

20. On about March 25, 2013 NATIONWIDE presented PLAINTIFFS with a cost estimate to repair the premises in the amount of $20,605.19. See EXHIBIT E. PLAINTIFFS complained to NATIONWIDE that this amount was inadequate to repair the damage.

21. On about March 26, 2013 PLAINTIFFS provided NATIONWIDE with a repair estimate in the amount of $51,350.00. See EXHIBIT F. NATIONWIDE unreasonably refused to tender the cost of repair, PLAINTIFFS were unable to pay for the repairs upfront and out of pocket, and as a result the premises remained boarded up and PLAINTIFFS were unable to operate their business and use their liquor license.

22. On about May 17, 2013, PLAINTIFFS contacted NATIONWIDE to inquire why NATIONWIDE had yet not made any payment toward the cost of repairing the premises. NATIONWIDE informed PLAINTIFFS that "When there is a coverage question on a claim, we are not able to make payment on *any part of the claim* until the part is question is settled." See EXHIBIT G.

23. PLAINTIFFS are informed and believe and thereon allege that NATIONWIDE'S obligation to reasonably investigate and pay PLAINTIFFS' property damage claim for the physical damage to the premises caused as a result of the accident was, and is, independent of any issues relating to PLAINTIFFS' claims against PLAINTIFFS' separate coverage for business inventory and loss of income.

24.     PLAINTIFFS further allege on information and belief that NATIONWIDE was unfairly and intentionally withholding payment for the undisputed property damage in order to coerce PLAINTIFFS into accepting a lowball settlement of all of PLAINTIFFS' claims including the independent inventory and loss of income claims, simply in order to physically secure the premises and reopen for business.

25.     NATIONWIDE informed PLAINTIFFS that it was continuing to investigate the claim.

26.     As a result of NATIONWIDE'S conduct, the premises remained boarded up and not in a condition to open for business.  See Exhibit H.

27.     On about January 27, 2014, NATIONWIDE issued three separate checks. The proposed property damage settlement was $31,913.06, which was significantly less that the revised estimate PLAINTIFFS had submitted to repair the premises. See EXHIBIT I.

28.     On March 14, 2014, PLAINTIFFS, through counsel, demanded a policy limits settlement of $92,700, upon a showing that PLAINTIFFS'' losses of business personal property exceeded that amount. NATIONWIDE offered only $83,073.26. Moreover, NATIONWIDE failed to act upon PLAINTIFFS' subsequent claims that the premises, unsecured as a result of NATIONWIDE'S conduct, was repeatedly burglarized while NATIONWIDE was unreasonably delaying payment to repair the premises. To date, NATIONWIDE has refused to tender the policy limits for this coverage. See EXHIBIT J.

29.     WHEREFORE, as a result of the DEFENDANTS' wrongful conduct as alleged herein, plaintiff's suffered economic and general damages in an amount to be ascertained according to proof at trial, which amount is within the unlimited jurisdiction of this court, and PLAINTIFFS pray for relief as hereinafter set forth.

## FIRST CAUSE OF ACTION

### *For Breach of the Duty of Good Faith and Fair Dealing*

(As Against All Defendants)

5

30.   PLAINTIFFS reallege and incorporate by reference each of the preceding paragraphs as though set forth fully herein.

31.   DEFENDANTS breached their duty of good faith and fair dealing owed to PLAINTIFFS as follows, without limitation:

a)   Unreasonably and without proper cause failing to investigate PLAINTIFFS' claim for coverage;

b)   Unreasonably and without proper cause withholding benefits due under the policy;

c)   Unreasonably and without proper cause failing to consider their insured's' interests at least as much as their own in handling PLAINTIFFS' claim;

d)   Unreasonably and without proper cause failing to diligently search for reasons to support PLAINTIFFS' claim and instead proactively searching for ways to deny and/or delay the claim;

e)   Unreasonably and without proper cause ignoring crucial information that would have supported PLAINTIFFS' claim;

f)   Unreasonably and without proper cause rescinding PLAINTIFFS' policy after the policy had already been issued;

g)   Unreasonably and without proper cause engaging in post-claims underwriting   in order to engineer the rescission of PLAINTIFFS' policy.

h)   Intentionally and wrongfully delaying responses to plaintiff's requests for settlement;

i)   Wrongfully accusing its insured of wrongful conduct and/or dishonesty, rather than paying the claim rightfully due and owing under the Policy;

j)   Refusing to supply PLAINTIFF with purported evidence it claims would support its position in undertaking the conduct as alleged herein;

k)   Misleading PLAINTIFF into believing that it would adjust plaintiff's

claim in good faith, when, in fact, it had no intention of so doing;

l)     Failing to respond reasonably to communications from plaintiff;

m)    Attempting to mislead the insured with regard to benefits due it under the insurance contract; and,

n)    Supporting and ratifying mistakes, misstatements and conducts of agents and employees of the defendants at the expense of the insured and their valid claims.

32.    PLAINTIFFS are informed and believe and thereon allege that DEFENDANTS breach their duty of good faith and fair dealing owed to them by other acts and/or omissions of which PLAINTIFFS are as yet unaware and which will be shown according to proof at the time of trial.

33.    DEFENDANTS furthermore committed institutional bad faith. DEFENDANTS' institutional bad faith amounts to reprehensible conduct because the conduct is part of a repeated pattern of unfair practices and not an isolated occurrence.  The pattern of unfair practices constitutes a conscious course of wrongful conduct that is firmly grounded in the established company policy of DEFENDANTS.

34.    DEFENDANTS' institutional bad faith includes using its claims department to deny and/or delay meritorious claims in order to save money and increase profits.

35.    DEFENDANTS'' conduct was undertaken by its deputies or managing agents, who were responsible for claims supervision and operations, communications and decisions. This conduct was undertaken on behalf of DEFENDANTS. DEFENDANTS further had advance knowledge of the actions and conduct of said individuals whose actions and conduct were ratified, authorized and approved by managing agents whose precise identities are unknown to PLAINTIFFS at this time and are therefore identified as DOES herein, to be amended at a later time when such become known to PLAINTIFFS.

36.    As a proximate result of the aforementioned unreasonable and wrongful conduct of DEFENDANTS, PLAINTIFFS suffered and continue to suffer damage in an amount within

1  the unlimited jurisdiction of this Court, in an amount to be determined according to proof at trial.

2  These damages include, but are not limited to; interest on all withheld and/or delayed payments

3  due under the policy, economic damages and special damages, according to proof at trial.

4       37.   As a further proximate result of the unreasonable and wrongful conduct of

5  DEFENDANTS, PLAINTIFFS have been compelled to retain legal counsel to obtain the

6  benefits due under the policies. Accordingly, DEFENDANTS are liable to PLAINTIFFS for

7  those attorneys' fees, witness fees and costs of litigation necessary and incurred by PLAINTIFFS

8  in order to obtain those policy benefits.

9       38.   DEFENDANTS intended to cause injury to PLAINTIFFS. Alternatively,

10  DEFENDANTS engaged in despicable conduct carried out with a willful and conscious

11  disregard of PLAINTIFFS right or subjected PLAINTIFFS to cruel and unusual hardship in

12  conscious disregard of their rights.  Alternatively, DEFENDANTS conduct constituted an

13  intentional misrepresentation, deceit or concealment of a material fact known to DEFENDANTS

14  with the intention of depriving PLAINTIFFS of property, legal right, income and prospective

15  income, or causing some other injury. DEFENDANTS' conduct therefore constitutes malice,

16  oppression or fraud under California Civil Code section 3294, entitling PLAINTIFFS to punitive

17  damages in an amount appropriate to punish or set an example of defendant and to deter future

18  conduct.

19       WHEREFORE, PLAINTIFFS pray for relief as hereinafter set forth.

20  ### SECOND CAUSE OF ACTION

21  #### For Breach of Contractual Duty to Pay A Covered Claim

22  *(As Against All Defendants)*

23       39.   PLAINTIFFS reallege and incorporate by reference each of the preceding

24  paragraphs as though set forth fully herein.

25       40.   At all relevant times, PLAINTIFFS were the owners of real property located at

26  1854 Church Street, Oakland, Alameda County. At all relevant times PLAINTIFFS and

8

NATIONWIDE INSURANCE had a contractual agreement for insurance coverage for covered losses including property and casualty, business personal property, and business income.

41.     DEFENDANTS owed duties and obligations to PLAINTIFFS under the policies.

42.     PLAINTIFFS performed all or substantially all conditions of the policies.

43.     DEFENDANTS breached the terms and condition of the policies by failing to timely investigate and pay to PLAINTIFFS the benefit of the policies as alleged herein.

44.     As a direct and proximate result of DEFENDANTS' conduct and breach of its contractual obligations, PLAINTIFFS have suffered damages in an amount to be determined according to proof at trial.

WHEREFORE, PLAINTIFFS pray for relief as hereinafter set forth.

## THIRD CAUSE OF ACTION

### For Unfair Business Practices

*(As Against All Defendants)*

45.     PLAINTIFFS incorporate by reference each and every allegation of the Complaint as though set forth in this cause of action.

46.     DEFENDANTS misrepresented facts that they would act reasonably in investigating and of paying on claims presented to them by their insured.

47.     DEFENDANTS also misrepresented that they would act in good faith in the contract that they had entered into with the plaintiffs.

48.     By engaging in the acts previously mentioned, defendant NATIONWIDE INSURANCE and its agents engaged in unlawful and deceptive business practices in violation of Business and Profession Code Section 17200, et seq.

49.     Such acts of defendants were immoral, unethical, oppressive, unscrupulous and substantially injurious to its customers.

50.     NATIONWIDE INSURANCE is guilty in the industry of being a serial violator of Insurance Bad Faith laws and of routine and regularly trampling on the rights of its insured and of using tactics designed to and intended to delay and frustrate the contractual rights and

1  benefits of its insured to the point of forcing its insured to accept minimal or reduced value
2  benefits of their own insurance policy benefits.
3       51.    Plaintiff is entitled to disgorgement of all insurance premiums paid to
4  HARTFORD, and Plaintiff is entitled to civil penalties under Business and Professions Code
5  Section 17200 et seq.
6      WHEREFORE, PLAINTIFFS pray for relief as hereinafter set forth
7
8  **PRAYER FOR RELIEF**
9  WHEREFORE, PLAINTIFFS demand a jury trial as to all legal claims.
10
11  WHEREFORE, PLAINTIFFS pray for relief as follows:
12  1.    For restitution of all consideration paid to defendants;
13  2.    For economic damages in an amount according to proof;
14  3.    For loss of income and prospective loss of income damages in an amount
15  according to proof;
16  4.    For statutory damages;
17  5.    For disgorgement of insurance premiums paid to HARTFORD;
18  6.    For Civil Penalties under Business and Professions Code Section 17200 et seq.;
19  7.    For punitive and exemplary damages in an amount according to proof;
20  8.    For interest on all damages;
21  9.    For an award of reasonable attorneys' fees;
22  10.    For costs of suit;
23  11.    For such other and further relief as the court deems just and appropriate.
24
25
26  Dated: September ___, 2014
27                               Matthew J. Webb, Esq.
28                               Attorney for Plaintiffs

10

ENDORSED
FILED
ALAMEDA COUNTY

NOV 4 - 2014

CLERK OF THE SUPERIOR COURT
By Lynette M. Irvin, Deputy

1   SONIA MARTIN (State Bar No. 191148)
    MENGMENG ZHANG (State Bar No. 280411)
2   DENTONS US LLP
    525 Market Street, 26th Floor
3   San Francisco, CA 94105-2708
    Telephone:  (415) 882-5000
4   Facsimile:  (415) 882-0300
    E-mail:    sonia.martin@dentons.com
5              mengmeng.zhang@dentons.com

6   Attorneys for Defendant
    NATIONWIDE MUTUAL INSURANCE
7   COMPANY, erroneously sued as NATIONWIDE
    INSURANCE
8

9

10                   SUPERIOR COURT OF THE STATE OF CALIFORNIA

11                              COUNTY OF ALAMEDA

12                             UNLIMITED JURISDICTION

13   SHARIF MOHAMMED and AMIR            Case No.: HG14742388
     MOHAMMED,
14                                       **DEFENDANT NATIONWIDE
                Plaintiffs,              MUTUAL INSURANCE COMPANY'S
15                                       ANSWER TO PLAINTIFFS'
            vs.                          COMPLAINT**
16
     NATIONWIDE INSURANCE and DOES 1
17   through 50, inclusive,
18              Defendants.
19

20         Defendant Nationwide Mutual Insurance Company, erroneously sued as Nationwide

21   Insurance (hereinafter "Defendant") hereby answers the unverified Complaint of plaintiffs as

22   follows:

23                              **GENERAL DENIAL**

24         Pursuant to Code of Civil Procedure section 431.30(d), Defendant generally denies each

25   and every material allegation of plaintiffs' Complaint, and each cause of action against

26   Defendant contained therein.  Further, Defendant denies that plaintiffs have suffered any injury,

27   damage, or loss as alleged in the Complaint, or in any amount or at all, due to any conduct, act,

28   error, or omission of Defendant.

-1-
DEFENDANT'S ANSWER TO COMPLAINT

DENTONS US LLP
525 MARKET STREET, 26TH FLOOR
SAN FRANCISCO, CALIFORNIA 94105-2708
(415) 882-5000

Defendant answers without prejudice to its right to file an amended answer or other response, including a cross-complaint, after conducting discovery.

## ADDITIONAL DEFENSES

### (Applicable to All Causes of Action)

### First Defense

### (Failure to State Cause of Action)

The Complaint, and each purported cause of action in the Complaint, fails to state facts sufficient to constitute a cause of action against Defendant.

### Second Defense

### (Waiver)

The Complaint, and each purported cause of action in the Complaint, is barred in whole or in part by the doctrine of waiver.

### Third Defense

### (Estoppel)

The Complaint, and each purported cause of action in the Complaint, is barred in whole or in part by the doctrine of estoppel.

### Fourth Defense

### (Unclean Hands)

The Complaint, and each purported cause of action in the Complaint, is barred in whole or in part by the doctrine of unclean hands.

### Fifth Defense

### (Laches)

The Complaint, and each purported cause of action in the Complaint, is barred in whole or in part by the doctrine of laches.

### Sixth Defense

### (Adequate Remedy At Law)

Plaintiffs have failed to state adequate claims for equitable relief, because they have an adequate remedy (if one at all) at law.

DENTONS US LLP
525 MARKET STREET, 26TH FLOOR
SAN FRANCISCO, CALIFORNIA 94105-2708
(415) 882-5000

DENTONS US LLP
525 MARKET STREET, 26TH FLOOR
SAN FRANCISCO, CALIFORNIA 94105-2708
(415) 882-5000

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

### Seventh Defense

### (Genuine Issues Regarding Duties)

Plaintiffs should take nothing pursuant to the Complaint because plaintiffs' claim to Defendant raised genuine issues as to Defendant's duties, if any, and Defendant's belief in the validity of these issues was reasonable.

### Eighth Defense

### (Mitigation of Damages)

The Complaint is barred, in whole or in part, to the extent plaintiffs have failed to mitigate, minimize or avoid any damages allegedly suffered, the fact and extent of which are expressly denied.

### Ninth Defense

### (Unconstitutionality of Punitive Damages)

Any claim by plaintiff for punitive and exemplary damages is barred because the California punitive damages statute is unconstitutional in that, among other things, it is void for vagueness, violative of the equal protection clause, violative of the due process clause, an undue burden on interstate commerce, a violation of the contract clause, and violative of the Eighth Amendment proscription against excessive fines pursuant to the United States and California Constitutions.

### Tenth Defense

### (Fault of Others)

Plaintiffs' damages, the fact and extent of which Defendant denies, were either wholly or partially caused by and/or contributed to by the fault of others, whether that fault be the proximate result of intentional conduct, negligence, breach of contract, or any other type of fault, of persons, firms, corporations, or entities other than Defendant, for which Defendant is not responsible.  Such intentional conduct, negligence, or fault bars recovery against Defendant or comparatively reduces the percentage of fault or negligence, if any, of Defendant.

DEFENDANT'S ANSWER TO COMPLAINT

**Eleventh Defense**

**(Consent and/or Authorization of Plaintiffs)**

Plaintiffs consented to and/or authorized all conduct and/or omissions of Defendant alleged in the Complaint.

**Twelfth Defense**

**(Active Fault of Plaintiffs)**

The Complaint, and each purported cause of action in the Complaint, is barred in whole or in part by plaintiffs' active fault.

**Thirteenth Defense**

**(Comparative Fault)**

The Complaint, and each purported cause of action in the Complaint, is barred in whole or in part and/or plaintiffs' recovery is reduced because plaintiffs' alleged damages resulted from plaintiffs' comparative fault.

**Fourteenth Defense**

**(Assumption of Risk)**

Plaintiffs knew, or in the exercise of reasonable care should have known, the risks of the matters alleged in the Complaint. Plaintiffs knowingly and voluntarily assumed and accepted such risks, and any damages allegedly caused by Defendant's conduct were the proximate result of plaintiffs' assumption and acceptance of such risks.

**Fifteenth Defense**

**(No Duty)**

The Complaint is barred in whole or in part because Defendant did not owe the duties alleged.

**Sixteenth Defense**

**(No Causation)**

Plaintiffs are entitled to no relief from Defendant because they sustained no injury, damage, or loss by reason of any conduct, act, error, or omission by Defendant.

DENTONS US LLP
525 MARKET STREET, 26TH FLOOR
SAN FRANCISCO, CALIFORNIA 94105-2708
(415) 882-5000

DENTONS US LLP
525 MARKET STREET, 26TH FLOOR
SAN FRANCISCO, CALIFORNIA 94105-2708
(415) 882-5000

### Seventeenth Defense

#### (Privilege)

The Complaint is barred in whole or in part to the extent it is based on conduct that was privileged and/or justified by law.

### Eighteenth Defense

#### (Intervening Cause)

Plaintiffs' damages, the fact and extent of which Defendant deny, were proximately caused by intervening, superseding, and/or supervening acts for which Defendant had no liability.

### Nineteenth Defense

#### (Set-Off)

Plaintiffs' damages, the fact and extent of which Defendant deny, are set-off or extinguished under the equitable doctrine of set-off or under California Code of Civil Procedure section 431.70.

### Twentieth Defense

#### (Statute of Limitations)

The Complaint, and each purported cause of action in the Complaint, is barred in whole or in part by the applicable statutes of limitation, including, without limitation, California Code of Civil Procedure sections 337, 338, 339, 340 and 343.

### Twenty-First Defense

#### (Obligations Limited to Policy Terms)

Defendant's obligations, if any, to plaintiffs are governed and limited by the terms, definitions, exclusions, conditions, and limitations contained in the applicable policy and endorsements (the "Policy").

### Twenty-Second Defense

#### (Defendant Nationwide's Compliance With Policy Terms)

Defendant fully performed all obligations owed to plaintiffs under the Policy.

1

**Twenty-Third Defense**

2

**(Good Faith of Defendant)**

3

With regard to the events at issue in the Complaint, Defendant at all times acted in good

4

faith, reasonably, and without any actual or constructive knowledge of any alleged breach of any

5

contractual or other duty allegedly owed to plaintiffs, or any other wrong done to them.

6

**Twenty-Fourth Defense**

7

**(Speculative Nature of Damages)**

8

Plaintiffs are not entitled to recover a monetary judgment because these damage claims

9

are speculative.

10

**Twenty-Fifth Defense**

11

**(No Entitlement to Attorneys' Fees)**

12

Plaintiffs are precluded from recovering attorneys' fees and costs from Defendant under

13

applicable provisions of the law.

14

**Twenty-Sixth Defense**

15

**(Standing)**

16

Plaintiffs' claims are barred in whole or in part to the extent they lack standing to assert

17

them.

18

**Twenty-Seventh Defense**

19

**(No Punitive or Exemplary Damages)**

20

The Complaint fails to state facts sufficient to entitle plaintiffs to punitive or exemplary

21

damages.

22

**Twenty-Eighth Defense**

23

**(Foreseeability)**

24

Plaintiffs cannot recover from Defendant to the extent their damages (such as, but not

25

limited to, loss of business income and profits, and loss of business reputation, customer loyalty

26

and goodwill) were not foreseeable at the time Defendant allegedly breached its contract.

27

28

DENTONS US LLP
525 MARKET STREET, 26TH FLOOR
SAN FRANCISCO, CALIFORNIA 94105-2708
(415) 882-5000

-6-

DEFENDANT'S ANSWER TO COMPLAINT

DENTONS US LLP
525 MARKET STREET, 26TH FLOOR
SAN FRANCISCO, CALIFORNIA  94105-2708
(415) 882-5000

### Twenty-Ninth Defense

### (No Basis for 17200 Relief)

The Complaint fails to state a basis for injunctive relief or restitution, the only types of monetary relief authorized by Business & Professions Code sections 17200 *et seq.*

### Thirtieth Defense

### (Filed Rate Doctrine)

Plaintiffs' section 17200 claim is barred by the filed rate doctrine to the extent that plaintiffs rely on allegations of overcharge or that rates should have been lower.

### Thirty-First Defense

### (Primary and/or Exclusive Jurisdiction)

Plaintiffs' section 17200 claim is precluded by the doctrine of exclusive and/or primary jurisdiction, in that administrative and/or regulatory procedures are already established to handle the alleged conduct of which plaintiffs complain.

### Thirty-Second Defense

### (Failure to Comply with Duty to Cooperate in Claim Investigation)

The Complaint, and each purported cause of action in the Complaint, is barred to the extent plaintiffs have failed to perform all of his obligations under the Policy, or satisfy the terms and/or conditions of the Policy, including their duty to cooperate in the processing of claims, to substantiate their alleged losses, and to provide statements confirming the existence and extent of their losses.  To the extent plaintiffs did not comply fully with the Policy's terms, they cannot recover on the Complaint.

### Thirty-Third Defense

### (Primary and/or Exclusive Jurisdiction)

Plaintiffs' Complaint is invalid because it is unsigned.

### Thirty-Fourth Defense

### (Right to Assert Additional Defenses)

Defendant reserve its right to amend its answer to the Complaint to assert any additional defenses and/or applicable terms, provisions, exclusions, limitations or conditions of the Policy,

-7-

as may become apparent during discovery in this action.

WHEREFORE, Defendant prays for judgment as follows:

1.     That plaintiffs take nothing by way of their Complaint and that the Complaint be dismissed with prejudice;

2.     That judgment be entered in Defendant's favor;

3.     That Defendant be awarded costs and attorneys' fees incurred in this action; and

4.     For such other and further relief as this Court deems just and proper.

Dated:  November 6, 2014                    DENTONS US LLP


By_____
              SONIA MARTIN

Attorneys for Defendant NATIONWIDE
MUTUAL INSURANCE COMPANY,
erroneously sued as NATIONWIDE INSURANCE

DENTONS US LLP
525 MARKET STREET, 26TH FLOOR
SAN FRANCISCO, CALIFORNIA  94105-2708
(415) 882-5000

-8-

1

## PROOF OF SERVICE

2     I, Gloria Courtney, hereby declare:

3     I am employed in the City and County of San Francisco, California in the office of a

4 member of the bar of this court at whose direction the following service was made. I am

5 over the age of eighteen years and not a party to the within action. My business address is

6 Dentons US LLP, 525 Market Street, 26th Floor, San Francisco, California 94105.

7     On November 6, 2014, I caused to be served on the interested parties in this action the

8 following document(s):

9

**DEFENDANT NATIONWIDE MUTUAL INSURANCE COMPANY'S
ANSWER TO PLAINTIFFS' COMPLAINT**

10

11 by placing a true copy(ies) thereof, on the above date, enclosed in a sealed envelope, following

12 the ordinary business practice of Dentons US LLP, as follows:

13         Matthew J. Webb
        LAW OFFICES OF MATTHEW J. WEBB
14         1382 A Street
        Hayward, California 94541
15         Telephone: (510) 444-4224

16 ☒   BY U.S. MAIL: I am personally and readily familiar with the business practice of
Dentons US LLP for collection and processing of correspondence for mailing with the
17 U.S. Postal Service, pursuant to which mail placed for collection at designated stations in
the ordinary course of business is deposited the same day, proper postage prepaid, with the
18 U.S. Postal Service.

19 ☐   BY FACSIMILE TRANSMISSION: I caused such document to be sent by facsimile
transmission at the above-listed fax number for the party.
20

21 ☐   BY EMAIL: I caused such document to be served by Electronic Mail at: _____.com

22     I declare under penalty of perjury under the laws of the State of California that the

23 foregoing is true and correct, and that this declaration was executed on November 6, 2014 at

24 San Francisco, California.

25                                  _Gloria Courtney_
                                   Gloria Courtney

26

27 83240166\V-1

28

DENTONS US LLP
525 MARKET STREET, 26TH FLOOR
SAN FRANCISCO, CALIFORNIA 94105-2708
(415) 882-5000

ENDORSED
FILED
ALAMEDA COUNTY

NOV -7 2014

CLERK OF THE SUPERIOR COURT
Anita Dhir
BY_____,DEPUTY

1  SONIA MARTIN (State Bar No. 191148)
2  MENGMENG ZHANG (State Bar No. 280411)
   DENTONS US LLP
3  525 Market Street, 26th Floor
   San Francisco, CA 94105-2708
   Telephone:  (415) 882-5000
4  Facsimile:  (415) 882-0300
   E-mail:     sonia.martin@dentons.com
5              mengmeng.zhang@dentons.com

6  Attorneys for Defendant
   NATIONWIDE MUTUAL INSURANCE
7  COMPANY, sued as "NATIONWIDE
   INSURANCE"
8

9
                 SUPERIOR COURT OF THE STATE OF CALIFORNIA
10
                          COUNTY OF ALAMEDA
11
                        UNLIMITED JURISDICTION
12

13  SHARIF MOHAMMED and AMIR          Case No.: HG14742388
    MOHAMMED,
14                                    **DEFENDANT NATIONWIDE**
            Plaintiffs,               **MUTUAL INSURANCE COMPANY'S**
15                                    **AMENDED ANSWER TO**
        vs.                           **PLAINTIFFS' COMPLAINT**
16
17  NATIONWIDE INSURANCE and DOES 1
    through 50, inclusive,
18
            Defendants.
19

20       Defendant Nationwide Mutual Insurance Company, sued herein as "Nationwide

21  Insurance" (hereinafter "Defendant") hereby answers the unverified Complaint of plaintiffs

22  Sharif and Amir Mohammed as follows:

23                            **GENERAL DENIAL**

24       Pursuant to Code of Civil Procedure section 431.30(d), Defendant generally denies each

25  and every material allegation of plaintiffs' Complaint, and each cause of action against

26  Defendant contained therein.  Further, Defendant denies that plaintiffs have suffered any injury,

27  damage, or loss as alleged in the Complaint, or in any amount or at all, due to any conduct, act,

28  error, or omission of Defendant.

DENTONS US LLP
525 MARKET STREET, 26TH FLOOR
SAN FRANCISCO, CALIFORNIA 94105-2708
(415) 882-5000

-1-

1    Defendant answers without prejudice to its right to file an amended answer or other

2    response, including a cross-complaint, after conducting discovery.

3    ## ADDITIONAL DEFENSES

4    (Applicable to All Causes of Action)

5    ### First Defense

6    **(Failure to State Cause of Action)**

7    The Complaint, and each purported cause of action in the Complaint, fails to state facts

8    sufficient to constitute a cause of action against Defendant.

9    ### Second Defense

10   **(Waiver)**

11   The Complaint, and each purported cause of action in the Complaint, is barred in whole

12   or in part by the doctrine of waiver.

13   ### Third Defense

14   **(Estoppel)**

15   The Complaint, and each purported cause of action in the Complaint, is barred in whole

16   or in part by the doctrine of estoppel.

17   ### Fourth Defense

18   **(Unclean Hands)**

19   The Complaint, and each purported cause of action in the Complaint, is barred in whole

20   or in part by the doctrine of unclean hands.

21   ### Fifth Defense

22   **(Laches)**

23   The Complaint, and each purported cause of action in the Complaint, is barred in whole

24   or in part by the doctrine of laches.

25   ### Sixth Defense

26   **(Adequate Remedy At Law)**

27   Plaintiffs have failed to state adequate claims for equitable relief, because they have an

28   adequate remedy (if one at all) at law.

DENTONS US LLP
525 MARKET STREET, 26TH FLOOR
SAN FRANCISCO, CALIFORNIA 94105-2708
(415) 882-5000

-2-

1

2

**Seventh Defense**

**(Genuine Issues Regarding Duties)**

3      Plaintiffs should take nothing pursuant to the Complaint because plaintiffs' claim to

4  Defendant raised genuine issues as to Defendant's duties, if any, and Defendant's belief in the

5  validity of these issues was reasonable.

6

7

**Eighth Defense**

**(Mitigation of Damages)**

8      The Complaint is barred, in whole or in part, to the extent plaintiffs have failed to

9  mitigate, minimize or avoid any damages allegedly suffered, the fact and extent of which are

10  expressly denied.

11

12

**Ninth Defense**

**(Unconstitutionality of Punitive Damages)**

13      Any claim by plaintiffs for punitive and exemplary damages is barred because the

14  California punitive damages statute is unconstitutional in that, among other things, it is void for

15  vagueness, violative of the equal protection clause, violative of the due process clause, an undue

16  burden on interstate commerce, a violation of the contract clause, and violative of the Eighth

17  Amendment proscription against excessive fines pursuant to the United States and California

18  Constitutions.

19

20

**Tenth Defense**

**(Fault of Others)**

21      Plaintiffs' damages, the fact and extent of which Defendant denies, were either wholly or

22  partially caused by and/or contributed to by the fault of others, whether that fault be the

23  proximate result of intentional conduct, negligence, breach of contract, or any other type of fault,

24  of persons, firms, corporations, or entities other than Defendant, for which Defendant is not

25  responsible. Such intentional conduct, negligence, or fault bars recovery against Defendant or

26  comparatively reduces the percentage of fault or negligence, if any, of Defendant.

27

28

DENTONS US LLP
525 MARKET STREET, 26TH FLOOR
SAN FRANCISCO, CALIFORNIA 94105-2708
(415) 882-5000

-3-

DENTONS US LLP
525 MARKET STREET, 26TH FLOOR
SAN FRANCISCO, CALIFORNIA 94105-2708
(415) 882-5000

## Eleventh Defense

### (Consent and/or Authorization of Plaintiffs)

Plaintiffs consented to and/or authorized all conduct and/or omissions of Defendant alleged in the Complaint.

## Twelfth Defense

### (Active Fault of Plaintiffs)

The Complaint, and each purported cause of action in the Complaint, is barred in whole or in part by plaintiffs' active fault.

## Thirteenth Defense

### (Comparative Fault)

The Complaint, and each purported cause of action in the Complaint, is barred in whole or in part and/or plaintiffs' recovery is reduced because plaintiffs' alleged damages resulted from plaintiffs' comparative fault.

## Fourteenth Defense

### (Assumption of Risk)

Plaintiffs knew, or in the exercise of reasonable care should have known, the risks of the matters alleged in the Complaint. Plaintiffs knowingly and voluntarily assumed and accepted such risks, and any damages allegedly caused by Defendant's conduct were the proximate result of plaintiffs' assumption and acceptance of such risks.

## Fifteenth Defense

### (No Duty)

The Complaint is barred in whole or in part because Defendant did not owe the duties alleged.

## Sixteenth Defense

### (No Causation)

Plaintiffs are entitled to no relief from Defendant because they sustained no injury, damage, or loss by reason of any conduct, act, error, or omission by Defendant.

DEFENDANT'S AMENDED ANSWER TO COMPLAINT

1

2

3

4

5

6

7

8

9

10

11

DENTONS US LLP
525 MARKET STREET, 26TH FLOOR
SAN FRANCISCO, CALIFORNIA 94105-2708
(415) 882-5000

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

### Seventeenth Defense

### (Privilege)

The Complaint is barred in whole or in part to the extent it is based on conduct that was privileged and/or justified by law.

### Eighteenth Defense

### (Intervening Cause)

Plaintiffs' damages, the fact and extent of which Defendant deny, were proximately caused by intervening, superseding, and/or supervening acts for which Defendant had no liability.

### Nineteenth Defense

### (Set-Off)

Plaintiffs' damages, the fact and extent of which Defendant deny, are set-off or extinguished under the equitable doctrine of set-off or under California Code of Civil Procedure section 431.70.

### Twentieth Defense

### (Statute of Limitations)

The Complaint, and each purported cause of action in the Complaint, is barred in whole or in part by the applicable statutes of limitation, including, without limitation, California Code of Civil Procedure sections 337, 338, 339, 340 and 343.

### Twenty-First Defense

### (Obligations Limited to Policy Terms)

Defendant's obligations, if any, to plaintiffs are governed and limited by the terms, definitions, exclusions, conditions, and limitations contained in the applicable policy and endorsements (the "Policy").

### Twenty-Second Defense

### (Defendant Nationwide's Compliance With Policy Terms)

Defendant fully performed all obligations owed to plaintiffs under the Policy.

-5-

1

**Twenty-Third Defense**

2

**(Good Faith of Defendant)**

3     With regard to the events at issue in the Complaint, Defendant at all times acted in good

4     faith, reasonably, and without any actual or constructive knowledge of any alleged breach of any

5     contractual or other duty allegedly owed to plaintiffs, or any other wrong done to them.

6

**Twenty-Fourth Defense**

7

**(Speculative Nature of Damages)**

8     Plaintiffs are not entitled to recover a monetary judgment because their alleged damages

9     claims are speculative.

10

**Twenty-Fifth Defense**

11

**(No Entitlement to Attorneys' Fees)**

12     Plaintiffs are precluded from recovering attorneys' fees and costs from Defendant under

13     applicable provisions of the law.

14

**Twenty-Sixth Defense**

15

**(Standing)**

16     Plaintiffs' claims are barred in whole or in part to the extent they lack standing to assert

17     them.

18

**Twenty-Seventh Defense**

19

**(No Punitive or Exemplary Damages)**

20     The Complaint fails to state facts sufficient to entitle plaintiffs to punitive or exemplary

21     damages.

22

**Twenty-Eighth Defense**

23

**(Foreseeability)**

24     Plaintiffs cannot recover from Defendant to the extent their alleged damages (such as,

25     but not limited to, alleged loss of business income and profits, loss of business reputation,

26     customer loyalty and goodwill), the fact and extent of which Defendant denies, were not

27     foreseeable at the time Defendant allegedly breached its contract.

28

DENTONS US LLP
525 MARKET STREET, 26TH FLOOR
SAN FRANCISCO, CALIFORNIA 94105-2708
(415) 882-5000

-6-

DENTONS US LLP
525 MARKET STREET, 26TH FLOOR
SAN FRANCISCO, CALIFORNIA 94105-2708
(415) 882-5000

**Twenty-Ninth Defense**

**(No Basis for 17200 Relief)**

The Complaint fails to state a basis for injunctive relief or restitution, the only types of monetary relief authorized by Business & Professions Code sections 17200 *et seq.*

**Thirtieth Defense**

**(Filed Rate Doctrine)**

Plaintiffs' section 17200 claim is barred by the filed rate doctrine to the extent that plaintiffs rely on allegations of overcharge or that rates should have been lower and/or seek premium refunds.

**Thirty-First Defense**

**(Primary and/or Exclusive Jurisdiction)**

Plaintiffs' section 17200 claim is precluded by the doctrine of exclusive and/or primary jurisdiction, in that administrative and/or regulatory procedures are already established to handle the alleged conduct of which plaintiffs complain.

**Thirty-Second Defense**

**(Failure to Comply with Duty to Cooperate in Claim Investigation)**

The Complaint, and each purported cause of action in the Complaint, is barred to the extent plaintiffs have failed to perform all of his obligations under the Policy, or satisfy the terms and/or conditions of the Policy, including their duty to cooperate in the processing of claims, to substantiate their alleged losses, and to provide statements confirming the existence and extent of their losses. To the extent plaintiffs did not comply fully with the Policy's terms, they cannot recover on the Complaint.

**Thirty-Third Defense**

**(Accord and Satisfaction)**

Plaintiffs' Complaint and each purported cause of action in the Complaint, is barred by the doctrine of accord and satisfaction.

-7-

**Thirty-Fourth Defense**

**(Right to Assert Additional Defenses)**

Defendant reserve its right to amend its answer to the Complaint to assert any additional defenses and/or applicable terms, provisions, exclusions, limitations or conditions of the Policy, as may become apparent during discovery in this action.

WHEREFORE, Defendant prays for judgment as follows:

1. That plaintiffs take nothing by way of their Complaint and that the Complaint be dismissed with prejudice;

2. That judgment be entered in Defendant's favor;

3. That Defendant be awarded costs and attorneys' fees incurred in this action; and

4. For such other and further relief as this Court deems just and proper.

Dated:  November 7, 2014                    DENTONS US LLP

By_____
                                                          SONIA MARTIN

Attorneys for Defendant NATIONWIDE
MUTUAL INSURANCE COMPANY, sued as
"NATIONWIDE INSURANCE"

DENTONS US LLP
525 MARKET STREET, 26TH FLOOR
SAN FRANCISCO, CALIFORNIA 94105-2708
(415) 882-5000

PROOF OF SERVICE

I, Gloria Courtney, hereby declare:

I am employed in the City and County of San Francisco, California in the office of a member of the bar of this court at whose direction the following service was made. I am over the age of eighteen years and not a party to the within action. My business address is Dentons US LLP, 525 Market Street, 26th Floor, San Francisco, California 94105.

On November 7, 2014, I caused to be served on the interested parties in this action the following document(s):

**DEFENDANT NATIONWIDE MUTUAL INSURANCE COMPANY'S AMENDED ANSWER TO PLAINTIFFS' COMPLAINT**

by placing a true copy(ies) thereof, on the above date, enclosed in a sealed envelope, following the ordinary business practice of Dentons US LLP, as follows:

| | |
|---|---|
| Matthew J. Webb<br>LAW OFFICES OF MATTHEW J. WEBB<br>1382 A Street<br>Hayward, California 94541<br>Telephone: (510) 444-4224<br><br>Dan Grout, Esq.<br>3704 Balfour Avenue<br>Oakland, California 94610<br>Tel.: (510) 387-7241 | Attorneys for Plaintiffs<br>SHARIF MOHAMMED,<br>AMIR MOHAMMED |

☒ **BY U.S. MAIL:** I am personally and readily familiar with the business practice of Dentons US LLP for collection and processing of correspondence for mailing with the U.S. Postal Service, pursuant to which mail placed for collection at designated stations in the ordinary course of business is deposited the same day, proper postage prepaid, with the U.S. Postal Service.

☐ **BY FACSIMILE TRANSMISSION:** I caused such document to be sent by facsimile transmission at the above-listed fax number for the party.

☐ **BY EMAIL:** I caused such document to be served by Electronic Mail at: _____.com

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct, and that this declaration was executed on November 7, 2014 at San Francisco, California.

*Gloria Courtney*
Gloria Courtney

DENTONS US LLP
525 MARKET STREET, 26TH FLOOR
SAN FRANCISCO, CALIFORNIA 94105-2708
(415) 882-5000